# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF IDAHO

_____

In Re

MARTIN P. LOPEZ and
ENEDINA LOPEZ,

**Debtors.**

**Case No. 07-00863-JDP**
**Chapter 7**

_____

TWO JINN, INC. dba
ALADDIN BAIL BONDS/
ANYTIME BAIL BONDS,

**Plaintiff,**

vs.

MARTIN P. LOPEZ and
ENEDINA LOPEZ,

**Defendants.**

**Adversary Proceeding**
**No. 07-6041**

_____

## MEMORANDUM OF DECISION
_____

MEMORANDUM OF DECISION - 1

**Appearances:**

Susan M. Campbell, Boise, Idaho, Attorney for Plaintiff.

Richard L. Alban, Nampa, Idaho, Attorney for Defendants.

*Introduction*

Plaintiff Two Jinn, Inc. commenced this adversary proceeding to

determine the dischargeability of a debt.  Docket No. 1.  The complaint

alleges that Defendants, chapter 7[1] debtors Martin and Enedina Lopez, are

indebted to Plaintiff as a result of the forfeiture of a bail bond, and that

such debt is not subject to discharge in Defendants' bankruptcy case

pursuant to § 523(a)(7).  Defendants moved to dismiss Plaintiff's complaint

for failure to state a claim upon which relief can be granted.  Docket No. 5.

The Court conducted a hearing on Defendants' motion on October 22,

2007, at the conclusion of which, the Court invited the parties to file

---

[1] Unless otherwise indicated, all chapter and section references are to the
Bankruptcy Code, 11 U.S.C. §§ 101-1532, as amended by the Bankruptcy Abuse
Prevention and Consumer Protection Act of 2005 ("BAPCPA"), Pub. L. 109-8-119
Stat. 23 (Apr. 20, 2005), and all rule references are to the Federal Rules of
Bankruptcy Procedure, Rules 1001-9036.

MEMORANDUM OF DECISION - 2

supplemental briefs, and deemed the issues under advisement for decision.

Briefs were filed.  Docket Nos. 19-21.  Having now carefully considered the

record, the arguments of the parties, and the applicable law, this

Memorandum disposes of the issues.[2]

### *Facts*

From the record, it appears that Plaintiff is a licensed bail bonding

company authorized to do business in Idaho.  In February, 2007,

Defendants contacted Plaintiff's bail bond office in Boise, Idaho to inquire

about the purchase of a bail bond to secure the release of their son, Martin

Lopez, Jr. ("Martin Jr."), from jail in Canyon County.  The state court had

set bail for Martin Jr. at $50,000.  Plaintiff posted the bail bond in exchange

for, *inter alia*, Defendants' agreement to indemnify Plaintiff for any

expenses incurred should Martin Jr. fail to personally appear at all court

dates.

On April 13, 2007, Martin Jr. failed to appear at a hearing in state

---

[2]  To the extent required, this Memorandum represents the Court's
findings of fact and conclusions of law.  Rule 7052.

MEMORANDUM OF DECISION - 3

court as ordered, and, as a result, the court forfeited the bond.  The court

issued a notice to Plaintiff indicating that the bond had been declared

forfeited pursuant to Idaho Code § 19-2927.  The notice also provided that

if Plaintiff brought Martin Jr. before the court within 90 days, the court

would direct that the forfeiture be exonerated.[3]

On May 30, 2007, Defendants jointly filed for relief under chapter 7

of the Bankruptcy Code.  Plaintiff filed its complaint commencing this

action on September 4, 2007.  In it, Plaintiff alleged that Defendants were

liable to Plaintiff for the amount of the bail bond forfeiture, and that it was

subrogated to the rights of Canyon County for purposes of collecting

payment from Defendants on the bond.  On this basis, Plaintiff alleged

Defendants' debt to it was excepted from discharge in Defendants'

bankruptcy under § 523(a)(7).

_____

[3]  Idaho Code § 19-2927 was recently amended to extend this 90-day
period to 180 days.  Although Plaintiff contends that absent cause for
exoneration, the bond will be due and payable to the Canyon County District
Court 180 days from the date of the forfeiture, the statute in effect on the date
forfeiture was ordered allowed only 90 days in which to exonerate the bond.
There is no indication that the  statutory amendment was intended to be applied
retroactively.

MEMORANDUM OF DECISION - 4

Defendants moved to dismiss Plaintiff's complaint for failure to state a claim upon which relief may be granted. In their memorandum in support of the motion, Defendants noted that Plaintiff's complaint failed to allege that Defendants are liable to Canyon County. Defendants further observe that Plaintiff had not alleged that it has paid anything to Canyon County for the bond forfeiture.[4] For these reasons, Defendants argue Plaintiff's complaint is inadequate to state a claim under § 523(a)(7).

### Discussion and Disposition of the Issues

While every defense to a complaint must normally be asserted in a responsive pleading, a party may allege in a separate motion that a complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).[5] Such a motion is designed to test the legal sufficiency of

---

[4] At the October 22, 2007 hearing on the motion to dismiss, Plaintiff's counsel conceded that it had not paid Canyon County on account of the bond forfeiture. Plaintiff explained that this was because proceedings on it's request to exonerate the bond forfeiture were still pending before the state district court. Plaintiff has made no further submission since the hearing to evidence that it has made any payments to Canyon County for the bond forfeiture.

[5] Fed. R. Civ. P. 12(b)(6) is incorporated in bankruptcy adversary proceedings by Fed. R. Bankr. P. 7012(b).

MEMORANDUM OF DECISION - 5

Plaintiff's claims based solely upon the allegations of its complaint.

*Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)**.**  However, when a party asks for dismissal based upon this rule, and "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56." Fed. R. Civ. P. 12(b); *San Pedro Hotel Co. v. City of Los Angeles*, 159 F.3d 470, 477 (9th Cir. 1998).   Here, Plaintiff submitted the bail bond, the indemnity agreement, the promissory note, and other additional information for the Court's consideration in deciding Defendants' motion.  Therefore, the Court will treat that motion as one for summary judgment.  See *San Pedro Hotel Co.*, 159 F.3d at 477 (noting that when represented parties submit extrinsic matter for the court's consideration in ruling on a motion to dismiss, prior notice of the motion's conversion to a motion for summary judgment is not necessary).

A motion for summary judgment is governed by Rule 7056, which incorporates Fed. R. Civ. P. 56.  The standards guiding the Court in

MEMORANDUM OF DECISION - 6

resolving a motion for summary judgment are well-settled. Summary

judgment may be granted to the moving party if, when the evidence is

viewed in a light most favorable to the non-moving party, there are no

genuine issues of material fact and the moving party is entitled to

judgment as a matter of law. Fed. R. Civ. P. 56(c); *Far Out Prods., Inc. v.*

*Oskar*, 247 F.3d 986, 992 (9th Cir. 2001). The Court may not weigh the

evidence in considering a motion for summary judgment – it determines

only whether a material factual dispute remains for trial. *Covey v. Hollydale*

*Mobilehome Estates*, 116 F.3d 830, 834 (9th Cir. 1997); *Perry v. U.S. Bank Nat'l*

*Ass'n ND (In re Perry)*, 03.2 I.B.C.R. 128, 129 (Bankr. D. Idaho 2003) (internal

citations omitted). An issue is "genuine" only if there is sufficient evidence

for a reasonable fact-finder to find in favor of the non-moving party, and a

fact is "material" if it might affect the outcome of the case. *Far Out Prods.*,

247 F.3d at 992 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49

(1986)).

   The initial burden of showing there is no genuine issue of material

MEMORANDUM OF DECISION - 7

fact rests on the moving party. *Esposito v. Noyes (In re Lake Country Invs.)*, 255 B.R. 588, 597 (Bankr. D. Idaho 2000) (*citing Margolis v. Ryan*, 140 F.3d 850, 852 (9th Cir. 1998)). However, if the non-moving party bears the ultimate burden of proof on an element at trial, that party must make a showing sufficient to establish the existence of that element in order to survive a motion for summary judgment. *Id*. (*citing Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)).

The applicable law in this action is § 523(a)(7) of the Bankruptcy Code. That statute provides:

> (a) A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt – . . .
>> (7) to the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss, other than a tax penalty.

Thus, § 523(a)(7) establishes three requirements for non-dischargeability: (1) the debt must be for a "fine, penalty, or forfeiture;" (2) the debt must be "payable to and for benefit of a governmental unit;" and (3) it must not be

MEMORANDUM OF DECISION - 8

"compensation for actual pecuniary loss." *Corrales v. Sanchez (In re Sanchez)*, 365 B.R. 414, 417 (Bankr. S.D.N.Y. 2007).

As noted in one recent decision, the case law regarding whether debts, related in some fashion to forfeiture of bail bonds, are dischargeable is relatively harmonious. *Affordable Bail Bonds, Inc. v. Thompson (In re Thompson)*, 2007 WL 2738171 *4 (Bankr. N.D. Okla. 2007). An analysis of whether a debt is excepted from discharge under this provision of the Code must focus upon the role the debtor played in the bail-bonding process. *Id.* In *In re Thompson*, the bankruptcy court explained that there are at least two, and typically three or four parties, involved in a bail bond transaction. Those parties are:

> the state, who agrees to release a defendant on bail upon the posting of a bond; the [criminal] defendant/principal, who promises to pay a monetary penalty to the state if he/she does not abide by the terms of bail; the surety, who guarantees to the state the performance of the [criminal] defendant/principal, including the payment of the [criminal] defendant/principal's penalty; and in some cases, an indemnitor, who contracts with the surety to indemnify the surety

MEMORANDUM OF DECISION - 9

        for its losses.

*Id.*

As reflected in the court's discussion, the following propositions have emerged in the case law.

When the debtor is the criminal defendant/principal, the cases hold that all three elements of § 523(a)(7) are satisfied and the debt is non-dischargeable.  *See, e.g., Virginia v. Collins (In re Collins)*, 173 F.3d 924, 932 n. 4 (4th Cir. 1999) (dicta).

When the debtor is a professional bondsman/surety, the cases not that two of the three elements of § 523(a)(7) are clearly met, but there is a split in the circuits regarding whether the debt for the bond is "for a fine, penalty, or forfeiture."  *Compare Hickman v. Texas (In re Hickman)*, 260 F.3d 400 (5th Cir. 2001) (concluding that the true nature of the debt was contractual and that "merely because a bail bond judgment is generally referred to as a forfeiture" does not automatically render it a "forfeiture" within the ambit of § 523(a)(7)), *and Virginia v. Collins (In re Collins)*, 173

MEMORANDUM OF DECISION - 10

F.3d 924 (4th Cir. 1999) (deciding that the debt on a bail bond is

contractual, and therefore not a fine, penalty, or forfeiture within the

meaning of § 523(a)(7)), *with Dobrek v. Phelan*, 419 F.3d 259 (3d Cir. 2005)

(holding that judgments against professional bondsmen are "forfeitures"

within the meaning of § 523(a)(7), are intended to be punitive, and

therefore are non-dischargeable).

Finally, where the debtor is an indemnitor of a bail bond surety, the

cases uniformly hold that none of the elements in § 523(a)(7) are met, and

the debt is dischargeable. *See, e.g., Corrales v. Sanchez (In re Sanchez)*, 365

B.R. 414 (Bankr. S.D.N.Y. 2007); *Empire Bonding Agency v. Lopes (In re Lopes)*,

339 B.R. 82 (Bankr. S.D.N.Y. 2006); *Pioneer Gen'l Ins. Co. v. Midkiff (In re

Midkiff)*, 86 B.R. 239 (Bankr. D. Colo. 1988).

Here, Defendants' debt to Plaintiff falls into this last category, and is

analogous to the debts scrutinized in the *Lopes* and *Sanchez* cases – it is a

debt allegedly owed by Defendants, as indemnitors, to Plaintiff, a bail

bond surety, pursuant to the terms of a contract.  As such, Defendants'

MEMORANDUM OF DECISION - 11

indebtedness does not satisfy any of the three case law requirements for a §

523(a)(7) exception to discharge:  First, Defendants' debt to Plaintiff is not a

fine, a penalty, or a forfeiture; Defendants' debt arises solely from a

contract, the indemnity agreement.  Second, Defendants' debt is not

payable to and for the benefit of a governmental unit.  Instead, this debt is

payable to Plaintiff, a private, for-profit business corporation.  And third,

Defendants' debt can be fairly characterized as compensation for actual

pecuniary loss, in as much as Defendants promised to "*reimburse* [Plaintiff]

for *actual expenses incurred* and caused by a breach by [Martin Jr.] of the

terms for which the application and Bail Bond were written."  Docket No.

19 (emphasis added).  Clearly, then, Plaintiff's claim in the complaint –

that Defendants' debt must be excepted from discharge under § 523(a)(7) –

lacks merit as a matter of law.

To counter this argument, Plaintiff argues that it is subrogated to the

rights of Canyon County for the purposes of collecting payment on the

bond forfeiture.  And since the debt (*i.e.,* the bond) is ultimately payable to

MEMORANDUM OF DECISION - 12

Canyon County, Plaintiff contends it is a forfeiture to a governmental unit. Analyzed in this fashion, Plaintiff insists the debt fits under the umbrella of § 523(a)(7).

To support this position, Plaintiff cites *Amwest Surety Ins. Co. v. Contreras (In re Contreras)*, Adv. No. 01-3317-AJG (Bankr. S.D.N.Y. July 31, 2006). Plaintiff explains that in *In re Contreras*, the bankruptcy judge "found that Amwest Surety Insurance Company was subrogated to the rights of the State of New York in connection with a forfeiture claim against Defendant bail bond indemnitors." Docket No. 16.

What Plaintiff fails to note in its brief is the approach to the subrogation issue in *In re Contreras*, an unpublished opinion, has been rejected by two other judges sitting in the same district in their published decisions. *See In re Sanchez*, 365 B.R. at 420; *In re Lopes*, 339 B.R. at 90. In a detailed, thoughtful analysis, the bankruptcy court in *Sanchez* explained that the equitable doctrine of subrogation was inapplicable in this context. The court noted that "[s]ubrogation is where party 'A' is subrogated to the

MEMORANDUM OF DECISION - 13

rights of a creditor of party 'B' whose claim against B has been paid by A."

*Id.* at 420.  This principle is, in turn, codified in § 509(a) of the Code, which

provides:

> Except as provided in subsection (b) or (c) of this
> section, an entity that is liable with the debtor on,
> or that has secured, *a claim of a creditor against the
> debtor, and that pays such claim*, is subrogated to the
> rights of such creditor to the extent of such
> payment.

(emphasis added).

But, as noted in *In re Sanchez*, two key elements for the operation of

the subrogation doctrine are missing here.   First, Canyon County holds no

claim against Defendants on account of the bond forfeiture.  Because

Defendants have no direct liability to Canyon County under the bond,

Plaintiff cannot "stand in the shoes" of Canyon County in asserting a claim

against Defendants for dischargeability purposes.  *In re Lopes*, 339 B.R. at

90.

Second, Plaintiff has not shown that it has paid Canyon County on

account of the bond forfeiture.  Absent payment, there can be no

MEMORANDUM OF DECISION - 14

subrogation.

For these reasons, like the court in *In re Sanchez*, this Court

respectfully declines to follow *In re Contreras*.[6]  Plaintiff's subrogation

theory fails to measure up to the task at hand.

### Conclusion

Plaintiff cannot show that Defendants' debt is a "fine, penalty, or

forfeiture payable to and for the benefit of a governmental unit, and is not

compensation for actual pecuniary loss . . . " as required by § 523(a)(7).

Further, under these facts, Plaintiff is not subrogated to any non-

dischargeability rights of Canyon County.  Viewing the evidence in a light

most favorable to Plaintiff, no genuine issues of material fact remain, and

Defendants are entitled to judgment as a matter of law.  Accordingly,

Defendants are entitled to a summary judgment holding that their debt to

---

[6]  In reaching his conclusion, Judge Hardin explained, "I have considered
the brief transcript and the final Order (both unpublished) in *In re Contreras*
(Bankr. S.D.N.Y. 2006) furnished by plaintiff's counsel.  The one sentence oral
ruling in that case does not recite any of the facts, or the arguments of the parties,
or the authorities or analysis relied upon by the Court, and therefore is not useful
as precedent in this Adversary Proceeding."  *In re Sanchez*, 365 B.R. at 421.

MEMORANDUM OF DECISION - 15

Plaintiff is not excepted from discharge under § 523(a)(7).

A separate order and judgment will be entered.

Dated: December 24, 2007

_____
Honorable Jim D. Pappas
United States Bankruptcy Judge

MEMORANDUM OF DECISION - 16